Mr. Drew Pritt 3204 Fair Park Blvd., #1S Little Rock, AR 72204
Dear Mr. Pritt:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the ballot title for a proposed constitutional amendment. You previously submitted a popular name and ballot title for a similar measure, which was rejected due to ambiguities in the text of your proposed measure. See Op. Att'y Gen.2005-303. Your current submission fails to include a proposed popular name or the full text of your measure. Your submitted ballot title is as follows:
Ballot Title
AN AMENDMENT TO THE ARKANSAS CONSTITUTION CREATING THE ARKANSAS EDUCATION LOTTERY COMMISSION AND INVESTING IT WITH POWER TO LICENSE AND REGULATE CHARITABLE BINGO AND RAFFLES, CONDUCT AND REGULATE GAMBLING GAMES AT CASINOS OWNED BY THE COMMISSION AND OPERATED BY THE COMMISSION OR ITS CONTRACTORS, LICENSE THOROUGHBRED AND GREYHOUND RACING TRACKS TO CONDUCT GAMBLING GAMES, AND REQUIRING THE COMMISSION TO OPERATE AND REGULATE ONE OR MORE STATEWIDE LOTTERY GAMES; PROVIDING FOR THE APPOINTMENT BY THE GOVERNOR OF FOUR (4) INITIAL COMMISSIONERS, ONE FROM EACH CONGRESSIONAL DISTRICT, AND THE APPOINTMENT OF A CHAIRMAN OF THE COMMISSION WHO SHALL SERVE AS DIRECTOR OF THE COMMISSION; AUTHORIZING THE GOVERNOR TO APPOINT THESE COMMISSIONERS FOR FOUR YEARS FOR THE FIVE INITIAL COMMISSIONERS. PROVIDING, UPON THE EXPIRATION OF THE INITIAL COMMISSIONERS' TERMS, FOR THE POPULAR AND NONPARTISAN ELECTION OF FOUR FUTURE COMMISSIONERS ONE FROM EACH CONGRESSIONAL DISTRICT FOR FOUR YEAR TERMS BY THE FOUR (4) ELECTED COMMISSIONERS, AND A FOR THE POPULAR AND NONPARTISAN ELECTION FOR A SIX YEAR TERM OF A FIFTH COMMISSIONER TO SERVE AS CHAIRMAN; AUTHORIZING THE DIRECTOR TO VOTE IN CASE OF A TIE AND LIMITING HIS SERVICE TO NO MORE THAN TEN (10) YEARS; WORKING WITH THE GOVERNOR IN SETTING THE QUALIFICATIONS OF COMMISSIONERS; IN THE EVENT OF THE NEED FOR FILLING OF TEMPORARY VACANCIES BY THE REMAINING COMMISSION MEMBERS THE GOVERNOR IS AUTHORIZED TO MAKE SUCH APPOINTMENTS; AUTHORIZING A COMMITTEE FORMED BY THE SPEAKER OF THE ARKANSAS HOUSE OF REPRESENTATIVES, PRESIDENT PRO TEMPORE OF THE ARKANSAS STATE SENATE, ARKANSAS STATE TREASURER, ARKANSAS STATE AUDITOR CHAIRED BY THE LIEUTENANT GOVERNOR TO SET THE REASONABLE SALARIES OF THE COMMISSION MEMBERS AND THE SALARY OF THE DIRECTOR AND OTHER EMPLOYEES; AUTHORIZING THE COMMISSION TO LICENSE AND REGULATE CHARITABLE BINGO AND RAFFLES BY CERTAIN NONPROFIT ENTITIES WITH NET RECEIPTS DEPOSITED WITH THE ARKANSAS STATE TREASURY AND USED FOR SCHOLARSHIPS AT ANY FOUR YEAR ARKANSAS INSTITUTION OF HIGHER LEARNING, SALARY BONUSES FOR ARKANSAS PUBLIC SCHOOL TEACHERS WHO TEACH IN ARKANSAS PUBLIC SCHOOLS FOR UP TO THIRTY YEARS, AND FOR PURPOSES REQUIRING IT TO OPERATE AND REGULATE ONE OR MORE STATEWIDE LOTTERY GAMES, AS DEFINED, THROUGH CONTRACTUALLY-AUTHORIZED LOTTERY GAME RETAILERS; AUTHORIZING THE COMMISSION TO CONDUCT AND REGULATE GAMBLING GAMES, AS DEFINED, IN FACILITIES (CASINOS) OWNED BY THE COMMISSION AND OPERATED BY THE COMMISSION OR THROUGH CONTRACTS WITH ONE (1) OR MORE PERSONS; AUTHORIZING LODGING, RECREATIONAL AND ENTERTAINMENT FACILITIES IN CONJUNCTION WITH GAMBLING FACILITIES AND AUTHORIZING THE SERVING OF ALCOHOLIC BEVERAGES AT ANY TIME IN GAMBLING FACILITIES; REQUIRING THE COMMISSION TO COMPLY WITH ALCOHOLIC BEVERAGE LAWS NOT IN CONFLICT WITH THE AMENDMENT; RESTRICTING THE CONDUCTING OF GAMBLING GAMES TO COUNTIES WHERE THE VOTERS HAVE APPROVED SUCH GAMES, EXCEPT THAT THE COMMISSION MAY AGREE TO LICENSE ANY EXISTING THOROUGHBRED OR GREYHOUND RACING TRACK OWNER TO CONDUCT GAMBLING GAMES WITHOUT LOCAL VOTER APPROVAL; AUTHORIZING SIMULCASTING OF RACES HELD AT THE TRACKS AT GAMBLING FACILITIES OF THE COMMISSION OR ITS CONTRACTORS; DENYING THE COMMISSION THE AUTHORITY TO REGULATE PARI-MUTUEL WAGERING AT THE TRACKS BUT INCLUDING "ELECTRONIC GAMES OF SKILL" CONDUCTED BY THE TRACKS IN THE DEFINITION OF "GAMBLING GAMES" SUBJECT TO EXCLUSIVE REGULATION BY THE COMMISSION INSTEAD OF THE ARKANSAS RACING COMMISSION AS UNDER CURRENT LAW; PROVIDING THAT DISAPPROVAL OF GAMBLING GAMES BY COUNTY VOTERS WILL NOT AFFECT PARI-MUTUAL WAGERING BY HORSE RACING OR GREYHOUND TRACKS OR WAGERING AUTHORIZED BY OTHER LAW; REQUIRING THE COMMISSION TO ESTABLISH ONE OR MORE "GAMBLING DISTRICTS" COMPRISED OF APPROVING COUNTIES WHEN ONE (1) OR MORE COUNTIES APPROVE GAMBLING GAMES; REQUIRING A FACILITY FOR GAMBLING GAMES TO BE LOCATED IN AT LEAST ONE COUNTY IN EACH GAMBLING DISTRICT; PROVIDING FOR THE APPOINTMENT, BY THE COMMISSION, OF "GAMBLING DISTRICT ADVISORY COMMITTEES" FOR EACH GAMBLING DISTRICT; AUTHORIZING THE COMMISSION TO: (1) BORROW MONEY AND ISSUE NEGOTIABLE EVIDENCES OF DEBT, BUT PROVIDING THAT THE STATE, COMMISSIONERS, AND ITS EMPLOYEES SHALL NOT BE LIABLE FOR SUCH DEBTS; (2) PLEDGE ITS REVENUES AND MORTGAGE ITS PROPERTY; (3) ACQUIRE PROPERTY BY EMINENT DOMAIN IN THE SAME MANNER AS EXERCISED BY THE GAME AND FISH COMMISSION; AND (4) RECEIVE FUNDS APPROPRIATED BY LAW; REQUIRING INCOME RECEIVED FROM LICENSURE OF CHARITABLE BINGO AND RAFFLES TO BE USED SOLELY FOR ADMINISTRATION OF THAT PROGRAM; REQUIRING RETENTION OF NET LOTTERY PROCEEDS BY THE COMMISSION TO SUPPORT ITS FUNCTIONS; REQUIRING THE DISTRIBUTION OF NET GAMBLING PROCEEDS IN A GAMBLING DISTRICT AS FOLLOWS: (1) TWENTY FIVE PERCENT (25%) TO THE COUNTIES, MUNICIPALITIES AND SCHOOL DISTRICTS IN THE GAMBLING DISTRICT AS DETERMINED BY THE COMMISSION AFTER CONSIDERING THE PROPORTION OF REAL PROPERTY TAXES DISTRIBUTED BY EACH COUNTY TO THE TAXING ENTITIES DURING THE PREVIOUS CALENDAR YEAR; (2) TEN PERCENT (10%) TO A TRUST FUND TO REIMBURSE RESIDENTS OF THE DISTRICT FOR A PORTION OF THEIR HEALTH INSURANCE PREMIUMS AS DETERMINED BY THE COMMISSION; (3) FIVE PERCENT (5%) TO A TRUST FUND TO PAY OUT AS DETERMINED BY THE COMMISSION A SCHOLARSHIP TO THE TOP FIVE OUTSTANDING ARKANSAS HIGH SCHOOL SENIORS; AND (4) SIXTY (60%) RETAINED BY THE COMMISSION FOR OPERATIONS; AUTHORIZING THE GENERAL ASSEMBLY TO INCREASE THE PERCENTAGES DISTRIBUTED TO TAXING UNITS AND FOR TAX REBATES AND TO THEREBY REDUCE THE AMOUNT RETAINED BY THE COMMISSION; AUTHORIZING THE COMMISSION TO REMIT SURPLUS FUNDS TO THE STATE APPORTIONMENT FUND IN THE STATE TREASURY; PROVIDING THAT COMMISSION EXPENDITURES SHALL NOT BE SUBJECT TO APPROPRIATION BY THE GENERAL ASSEMBLY; LEGALIZING SHIPMENTS OF GAMBLING DEVICES INTO ARKANSAS FOR PURPOSES OF FEDERAL LAW; DENYING THE GENERAL ASSEMBLY AND POLITICAL SUBDIVISIONS REGULATORY AUTHORITY OVER THE COMMISSION OR ITS ACTIVITIES EXCEPT AS OTHERWISE STATED; AMENDING THE ARKANSAS CONSTITUTION'S ART. 19, SECTION 14 LOTTERY PROHIBITION TO EXCEPT LOTTERIES AUTHORIZED BY THE CONSTITUTION; AMENDING ARKANSAS CONSTITUTION AMENDMENT 84 TO SUBSTITUTE THE COMMISSION FOR THE GENERAL ASSEMBLY AS THE ENTITY WITH THE DUTY TO PROVIDE FOR LICENSURE AND REGULATION OF CHARITABLE BINGO AND RAFFLES AND REPEALING THE REFERENCE TO THE GENERAL ASSEMBLY'S AUTHORITY TO TAX SUCH ACTIVITIES; AND MAKING THE AMENDMENT SEVERABLE AND EFFECTIVE JANUARY 1 OF THE YEAR FOLLOWING ADOPTION AND ENACTMENT
Several procedural irregularities prevent me from certifying a popular name and ballot title for your proposed constitutional amendment at this time.
As an initial matter, I am required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or state constitutional amendments before the petitions are circulated for signature. My review is limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of a proposed amendment or act.
In accomplishing this task, however, I must be provided with the complete text of your proposed amendment before I can perform my statutory duty in certifying a popular name and ballot title. This is reflected in A.C.A. § 7-9-107 (a), wherein it states that "the sponsors shall submit the original draft to the Attorney General, with a proposed . . . ballot title and popular name." (Emphasis added.)
You have failed to submit the text of the proposed constitutional amendment you seek to have adopted. It is thus impossible for me to determine whether your proposed ballot title is an accurate and impartial summarization of your measure. In addition, you have failed to submit a proposed popular name for my review.
Section 7-9-107(a) of the Arkansas Code is very clear in requiring a sponsor of a measure to submit the measure for my review with both a proposed ballot title and popular name. See also, Ops. Att'y Gen.2003-378 and-379. I must therefore return your submission and instruct you to submit the language of your proposed amendment together with a proposed popular name and ballot title. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General